UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| JAIME LUEVANO, | ) | CASE NO. 5:08 CV 1844 |
| Plaintiff, | ) ) | JUDGE DAN AARON POLSTER |
| v. | ) ) | MEMORANDUM OF OPINION AND ORDER |
| TINA BOYKIN, et al., | ) ) | |
| Defendants. | ) | |

Pro se plaintiff Jaime Luevano filed the above-captioned in forma pauperis action against defendants Tina Boykin, Texas Attorney General Greg Abbott, Prosecuting Attorney Sherri Bevan Walsh, Texas Child Support, "F.B.I. Agent in Charge of Corruptions, Conspiracies and Schemes," and Governor Rick Perry of Texas. Mr. Luevano, who is incarcerated at the El Paso County Detention Facility in Texas seeks an order appointing an investigator and compensation for pain, suffering and emotional/mental anguish.

*Background*

The one cogent paragraph set forth in the complaint states:

> Tina M Boykin has fail [sic] to investigate about the baby girl Sophia that she has been adopted[.] I am at [sic] no obligation to pay or Retoactive [sic] which I challenge the Retoactive [sic] laws just to get money from me that I owe all in a conspiracy with the Attorney General of Texas Greg Abbott know [sic] I know why the Investigations of Corruptions by the F.B.I. etc. can't be finish [sic] cause the Director of the F.BI. in El Paso, TX is Jay Abbott by leak of information.

(Compl. at at 4.) There are no additional details provided by Mr. Luevano.

*Standard of Review*

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] Neitzke v. Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

*Failure to State a Claim*

There is no statement or reference in the complaint that sets forth a basis for this court's jurisdiction. Moreover, principles requiring generous construction of pro se pleadings are not without limits. Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985). District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. Id. at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a pro se plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Id. at 1278.

Even under the liberal notice pleading requirements of Federal Civil Rule 8 and the liberal perspective in which pro se complaints are generally viewed, the complaint does not contain even the minimum requirements of a "short and plain statement" of a claim showing entitlement to relief. See FED. CIV. R. P. 8(a); Vector Research, Inc. v. Howard & Howard Attorneys P.C., 76 F.3d 692, 697 (6th Cir. 1996)("'Under the liberal federal system of notice pleading, all that a plaintiff must do in a complaint is give a defendant fair notice of what the

---

[1] A claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

plaintiff's claim is and the grounds upon which it rests.'")(quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).[2] Legal conclusions are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. See Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see e.g. Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (a pleading will not be sufficient to state cause of action under Civil Rights Act if its allegations are but conclusions).

Based on the foregoing, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e). Further, the court certifies that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 10/31/08*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[2] Rule 8 of the Federal Rules of Civil Procedure requires, in relevant part:

> (1) a short and plain statement of the grounds upon which the court's jurisdiction depends. . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

FED. R. CIV. P. 8(a).

[3] 28 U.S.C. § 1915(a)(3) provides: "An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith."